## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

NICOLETTE CHEFF and JEREMIAH CHEFF,

      Plaintiffs,

                                      Case No. 11-15291

v.

                                      Honorable Denise Page Hood

DEUTSCHE BANK NATIONAL TRUST
COMPANY, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., PNC
BANK, N.A. and BANK OF AMERICA, N.A.,

      Defendants.

_____/

## ORDER REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
### and
### NOTICE SETTING FINAL PRETRIAL CONFERENCE

## I.      BACKGROUND

      This matter was removed from the Genesee County Circuit Court, State of Michigan on December 2, 2011.  Plaintiffs Nicolette Cheff and Jeremiah Cheff filed a Complaint against Defendants Deutsche Bank National Trust Company ("Deutsche"), Mortgage Electronic Registration System ("MERS"), PNC Bank NA ("PNC"), and Bank of America NA ("BOA"), alleging:  Declaratory Judgment, Unlawful Foreclosure of Real Property (Count I); Violation of MCL § 600.3205 & Public Act No. 72 of 2011 and Demand to Convert to a Judicial Foreclosure (Count II); Real Estate Settlement Procedures Act ("RESPA") Violations (Count III); Truth in Lending Act ("TILA") Violations (Count IV); Civil Conspiracy (Count V); Fraudulent Misrepresentation (Count VI); Innocent Misrepresentation (Count VII); Violation of the Michigan Consumer Protection Act ("MCPA") (Count VIII); and, Injunctive Relief (Count IX).

      The real property at issue is commonly known as 9471 Ridge Road, Goodrich, Genesee

County, Michigan (Comp., ¶ 9)  Plaintiffs purchased the property on June 21, 2008 and obtained an adjustable rate mortgage for the purchase of the property in the amount of $308,400.00. (Comp., ¶¶ 9-10)  Deutsche began foreclosure proceedings and a Sheriff's Sale was scheduled for November 9, 2011.  (Comp., ¶¶ 11-12)

On November 4, 2011, an Order to Show Cause issuing a Temporary Restraining Order was signed by the state circuit judge scheduling a hearing on November 14, 2011.  (Doc. #1, Pg ID 27-28)  On November 7, 2011, a Temporary Restraining Order and an Order to Show Cause was signed by the state circuit judge scheduling a hearing on November 28, 2011.   A Notice of Removal and Answer was filed by Defendants on December 2, 2011.  The action was originally assigned to the Honorable Robert H. Cleland.  A scheduling conference was held and an Order Administratively Closing the Case for 120 days was entered on January 30, 2012 while the parties focused on the Plaintiffs' application for loan modification.  The case was reopened on July 9, 2012.  Defendants filed a Motion for Summary Judgment on November 21, 2012 and a response was filed on December 12, 2012.  An Order of Disqualification and Reassigning the Case to the undersigned was entered on January 7, 2013.

II.   **ANALYSIS**

A.   **Standard of Review**

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact

2

is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

### B.   Declaratory Judgment, Unlawful Foreclosure of REAL Property (Count I)

Defendants move for summary judgment on Count I of the Complaint wherein Plaintiffs allege that the mortgage loan originally held by the lender, First Franklin, was part of a securitized pool of mortgage loans and subject to the dictates of a Pooling & Servicing Agreement ("PSA"). Plaintiffs allege in Count I that the PSA was not followed and, as such, the Assignment of Mortgage from MERS to Deutsche was violative of the PSA and MCL § 600.3204(3), which requires a proper record chain of title to foreclose by advertisement in Michigan. Defendants argue that the assignment from MERS to Deutsche was proper and that Deutsche is entitled to foreclose on the property. Defendants claims that Deutsche was the assignee as the grantee of a Sheriff's Deed. Plaintiffs failed to redeem the property, therefore Deutsche has standing to foreclose since it

3

obtained a legitimate interest in the indebtedness. Defendants further argue that Plaintiffs do not have standing to challenge any violation of the PSA since they are not parties under the PSA.

Plaintiffs respond that the Assignment of the mortgage to "defendants" (without identifying which defendant) is dated August 29, 2011; the foreclosure sale was held on November 9, 2011, but Defendants have not filed the documents with the Register of Deeds and have not produced said documents in this case. Plaintiffs claim Defendants have not shown that the redemption period has expired. Plaintiffs further claim that the Sheriff's Sale held on November 9, 2011, was in direct violation of the Temporary Restraining Order issued by the circuit court. Plaintiffs therefore argue that the Sheriff's sale was invalid and that the redemption period has not expired.

As to the PSA violation, Plaintiffs argue that they have standing to enforce the PSA as express or implied third-party beneficiaries under the PSA. Plaintiffs claim that without such agreements, the enormous wealth transferred from homeowners to the defendants as a result of these investment vehicles would never have been realized. Plaintiffs argue that since the investment pools were a ruse, an unfunded trust, Defendants should not be permitted to use their illicit innovations to accomplish the taking of Plaintiffs' property.

Based on the documents submitted by Defendants, the Court finds they have not met their burden required under Rule 56(a) to present evidence to support summary judgment. Defendants did not submit any documents indicating the Sheriff's Sale was held on November 9, 2011 or that such documents were filed with the Register of Deeds. The Court has no evidence before it that Deutsche obtained interest in the property after the Sheriff's Sale. Defendants submitted an Assignment of Mortgage by MERS to Deutsche on August 29, 2011. No other documents have been submitted by Defendants as to what actions Deutsche took to foreclose on the property since August

29, 2011. Defendants did not submit a copy of the PSA to support Defendants' claim that Plaintiffs do not have standing under the PSA. The Court cannot determine such without a copy of the PSA. Defendants' Motion for Summary Judgment as to Count I is denied.

### C.   MCL § 600.3205 & Demand to Convert to a Judicial Foreclosure (Count II)

Count II alleges that Defendants failed to provide Plaintiffs with an opportunity to be considered for a loan modification. Plaintiffs' response asserts they are no longer alleging this claim because during these proceedings, Defendants did provide Plaintiffs with an opportunity to modify the loan. (Resp., p. 19) Count II is dismissed.

### D.   Real Estate Settlement Procedures Act ("RESPA") Violations (Count III)

Defendants allege that the RESPA claim in Count III must be dismissed because it is time-barred. RESPA governs mortgage loan originations. Actions under RESPA must be brought within one year of any violation. The loan was originated in June 2006. Plaintiff does not respond to Defendants' argument as to RESPA.

Under RESPA, 12 U.S.C. § 2601 *et seq.,* lenders are required to disclose all settlement costs, practices and relationships. RESPA claims are subject to a one-year statute of limitations from the date of the occurrence of the violation. 12 U.S.C. § 2614. The Court finds that Plaintiffs' claims under RESPA are time-barred since the loan was originated in June 2006 and the Complaint was filed in November 2011, well over the one year limitation under RESPA. 12 U.S.C. § 2614. Count III is dismissed.

### E.   Truth in Lending Act ("TILA") (Count IV)

Defendants argue that claims under TILA are also time-barred which also requires an action brought within one year from the date of the occurrence of the violation. TILA governs information

5

to be provided to the borrower during the loan origination.

Plaintiffs respond that they are claiming the defense by recoupment or set-off under state law, therefore TILA is not time-barred.

TILA, 15 U.S.C. § 1601 *et seq.,* "was enacted to promote the informed use of credit by consumers requiring meaningful disclosure of credit terms." *Begala v. PNC Bank, Ohio, N.A.,* 163 F.3d 948, 950 (6th Cir. 1998). Generally, a violation of TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The one-year period is subject to equitable tolling under limited circumstances. *Jones v. Transohio Savings Assoc.,* 747 F.2d 1037, 1041 (6th Cir. 1984). Under the doctrine of fraudulent concealment, the statute of limitations may be equitably tolled where the plaintiff alleges and establishes: 1) defendant concealed the conduct that constitutes the cause of action; 2) defendant's concealment prevented plaintiff from discovering the cause of action within the time limitations period; and 3) until discovery, plaintiff exercised due diligence in trying to find out about the cause of action. *Egerer v. Woodland Realty, Inc.,* 556 F.3d 415, 422 (6th Cir. 2009). The one-year period will begin to run when the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation. *Jones,* 747 F.2d at 1041.

In this case, Plaintiffs did not raise TILA as a "defense" to any debt collection action by Defendants. Plaintiffs raised TILA in their Complaint as a "claim." Any recoupment argument is without merit since Plaintiffs are not defending a debt collection action in this case. The Court finds that the one year limitation period under TILA bars Plaintiffs' TILA claims. Count IV is dismissed.

### F.    Civil Conspiracy, Count V

Defendants argue that Plaintiffs have not identified any conspiratorial actions, errors or

defects, fraud or irregularity to set aside the foreclosure sale.  Defendants assert that Plaintiffs'
allegations in the Complaint that Defendants knowingly and in concert, engaged in a series of acts
to extort money out of Plaintiffs and keep them in a recurring cycle of debt are not supported by the
facts.

Plaintiffs respond that the Complaint alleges Defendants, through their agents, told Plaintiffs
that they would be able to convert the adjustable rate mortgage to a fixed rate note in the future and
that said statement was false.  Plaintiffs claim they detrimentally relied on these false statements.
Plaintiffs argue that their allegations are within the civil conspiracy cause of action which is "ideally
suited for creative argument within the bounds of these well-recognized elements."  (Resp., p. 22)

In order establish a Section 1985(3) federal civil conspiracy claim, a plaintiff must establish:
1) a conspiracy involving two or more persons; 2) for the purpose of depriving, directly or indirectly,
a person or class of persons of the equal protection of the laws; and 3) an act in furtherance of the
conspiracy; 4) which causes injury to a person or property, or a deprivation of any right or privilege
of a citizen of the United States.  *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998).  A civil
conspiracy claim in Michigan must allege:  1) a concerted action; 2) by a combination of two or
more persons; 3) to accomplish an unlawful purpose; 4) or a lawful purpose by unlawful means.
*Ahlers v. Schebil,* 188 F.3d 365, 374 (6th Cir. 1999).   A civil conspiracy, by itself, is not a
cognizable claim but is defined by the tort that constitutes the underlying theory of liability.  *Roche
v. Blair,* 305 Mich. 608 (1943).

In this case, the Complaint fails to allege the specific agreement or concerted action between
all the Defendants that are unlawful.  Plaintiffs appear to only allege that they relied on a promise
that their mortgage could be converted to a fixed rate note.  A promise regarding the future is not

7

an unlawful action.  The conspiracy claim in Count V must be dismissed.

###### G.    Misrepresentation claims (Count VI and VII)

Defendants claim that Plaintiffs' misrepresentation claims stem from allegation that the original lender, First Franklin, engaged in predatory lending  by fraudulently inducing Plaintiffs to sign a mortgage contract with a false promise that they would be able to convert to a fixed rate in the future.  Defendants argue that these allegations violate the statute of frauds under MCL 566.132 which requires an institution lending money to make any promises in writing.  Defendants further argue that Plaintiffs failed to properly plead fraud as required by Rule 9(b) of the Rules of Civil Procedures.

Plaintiffs response is the same as their response to the conspiracy argument above.

The Sixth Circuit has interpreted Rule 9(b) as requiring a plaintiff to allege the time, place, and content of the alleged misrepresentation on which they relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.  *See, Yuhasz v. Brush Welman, Inc.,* 341 F.3d 559, 563 (6th Cir. 2003).  A review of the Complaint shows Plaintiffs have failed to allege the fraudulent scheme involved and the fraudulent intent of the Defendants, with specificity.  The misrepresentation claims in Counts VI and VII are dismissed.

###### H.    Michigan Consumer Protection Act, Count VIII

Defendants argue that Plaintiffs allegations in Count VIII must be dismissed because Defendants are not subject to the Michigan Consumer Protection Act.

Plaintiffs do not respond to Defendants' argument as to Count VIII.  A party waives opposition to a motion if the party fails to respond to arguments raised in the motion.  *See, Innovation Ventures, LLC v. N.V.E. Inc.,* 747 F.Supp.2d 853, 860 (E.D. Mich. 2010); *Scott v. State*

*of Tenn.,* 1989 WL 72470, at \*2 (6th Cir. Jul. 3, 1989). In addition, Courts have held that loan transactions which are subject to laws administered by the Commissioner of the Office of Financial Services and Insurance are exempt from the Michigan Consumer Protection Act, *See, Mills v. Equicredit Corp.,* 294 F.Supp.2d 903, 910 (E.D. Mich. 2003). Count VIII must be dismissed.

## III.  CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants Motion for Summary Judgment **(Doc. No. 21)** is GRANTED IN PART and DENIED IN PART. Counts II to VIII are DISMISSED with prejudice. Count I, Declaratory Judgment, Unlawful Foreclosure of Real Property, remains.

IT IS FURTHER ORDERED that a **Final Pretrial Conference is set for Monday, July 8, 2013, 2:00 p.m.** The Bench Trial will be scheduled at the conference. The proposed *Joint* Final Pretrial Order must be submitted by July 1, 2013. All motions in limine must be filed by July 1, 2013.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  May 8, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 8, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

9